IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PUEBLO OF TESUQUE,

        Plaintiff,

vs.                                                                                                                                          No. 05-CV-0930

UNITED STATES DEPARTMENT OF
AGRICULTURE FOREST SERVICE,
SANTA FE NATIONAL FOREST,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on *Plaintiff's Motion for Leave of Court to File a Surreply To Santa Fe Ski Company's Reply Memorandum of Law in Support of Its Motion for Partial Summary Judgment or, in the Alternative, for Partial Dismissal of Administrative Appeal, Responding to the Pueblo of Tesuque*, filed May 15, 2006 (*Doc. 76*) ("Motion"). The main issue before the Court is whether Intervenor-Defendant Santa Fe Ski Company's Reply Memorandum of Law in Support of Its Motion for Partial Summary Judgment or, in the Alternative, for Partial Dismissal of Administrative Appeal, raises new arguments or legal theories, entitling Plaintiff to an opportunity to respond where briefing is otherwise complete. The Court, having considered the Motion, the parties submissions, the relevant authority, and being otherwise fully advised, finds the Motion well-taken and it is, therefore, granted.

**I.**     **Discussion**

Plaintiff brings this Motion pursuant to Local Rule 7.6(b), properly requesting leave to file

a twelve-page surreply.  In support of its request, Plaintiff argues that because Intervener Santa Fe Ski Company's ("Ski Company") reply brief supporting its summary judgment motion contains a detailed discussion of legal authority interpreting the Religious Freedom Restoration Act (RFRA) that wasn't meaningfully raised in the initial briefing, Plaintiff lacked opportunity to respond to the argument as a matter of right.  Specifically at issue are the case of *Lyng v. Northwest Indian Cemetery Protective Ass'n*, 485 U.S. 439 (1988), its application to RFRA"s "substantial burden" requirement, and the tension between *Ling* and *Werner v. McCotter*, 49 F.3d 1476 (10th Cir. 1995) regarding RFRA's "substantial burden" requirement.   Plaintiff contends that because the law on this issue was "barely mentioned" in the Ski Company's memorandum supporting its motion for partial summary judgment, additional briefing is necessary.  Mot. at 1.  If granted leave to file, Plaintiff would restrict its proposed surreply to the arguments raised in Section III .A. of the Ski Company's reply.

The Ski Company alone opposes Plaintiff's Motion, citing multiple references by both parties to the legal theories Plaintiff now contends were raised for the first time in the reply.  Resp. at 2-4.  The Ski Company further contends that Plaintiff itself invited the arguments made regarding the impact of *Lyng* by asserting in its response brief that *Werner*, not *Lyng*, represents the controlling law.

**III.**     <u>Conclusion</u>

Although the Court does not agree wholeheartedly with Plaintiff's representation that the Ski Company's brief-in-chief "barely mentioned" the *Lyng* case in the context of the RFRA, it finds that the Ski Company's legal theory challenging Plaintiff's ability to proceed beyond summary judgment shifted significantly in the reply, insofar as Plaintiff's ability to make a

"substantial burden" showing was meaningfully questioned for the first time.  The shift in focus and theory arguably renders it necessary for Plaintiff to address the Ski Company's additional legal arguments in support of its request for partial summary judgment by offering the Court its own interpretation of the law pertaining thereto.  More importantly, the issues Plaintiff wishes to address are weighty and the Court would ostensibly benefit from Plaintiff's limited, additional briefing in its attempt to view both sides thereof.  Accordingly, the Motion will be granted.

      WHEREFORE,

      **IT IS ORDERED** that *Plaintiff's Motion for Leave of Court to File a Surreply to Santa Fe Ski Company's Reply Memorandum of Law in Support of Its Motion for Partial Summary Judgment or, in the Alternative, for Partial Dismissal of Administrative Appeal, Responding to the Pueblo of Tesuque*, filed May 15, 2006, is **GRANTED** such that **within seven (7) days of entry of this Order, Plaintiff may file a single document not to exceed twelve (12) pages in length and strictly limited to the issues identified herein.**

    Dated June 7, 2006.

                                          */s/ John Edwards Conway*
                                      SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

    John B. Pound, Esq.
    Long, Pound & Komer, P.A.
    Santa Fe, New Mexico

    Robert E. Jordan, Esq.
    Thomas C. Collier, Jr., Esq.
    Jody A. Cummings, Esq.
    Steptoe & Johnson, LLP
    Washington, D.C.

Counsel for Intervenor-Defendant Santa Fe Ski Company:

    Daniel H. Friedman, Esq.
    Simmons & Slattery, LLP
    Santa Fe, New Mexico

Counsel for Intervenor-Plaintiff Pueblo of Nambe:

    Peter C. Chestnut, Esq.
    Ann Berkley Rodgers, Esq.
    Chestnut Law Offices
    Albuquerque, New Mexico

Counsel for Federal Defendant:

    Andrew E. Smith, Esq.
    U.S. Department of Justice
    Albuquerque, New Mexico